UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EZEQUIEL PEREZ-SILVA, )
)
        Petitioner, )
)
        v. ) No. 1:16-cv-01661-TWP-MJD
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

**Entry Denying Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Petitioner Perez-Silva filed a successive motion for relief pursuant to 28 U.S.C. § 2255 arguing that under *Johnson v. United States*, 135 S.Ct. 2551 (2015), the sentence he received in Case Number 1:02-cr-0054-TWP-TAB-1 was unconstitutionally enhanced and that he must be resentenced. On June 24, 2016, the Seventh Circuit authorized this Court to consider Perez-Silva's *Johnson* claim, along with the government's defenses pursuant to 28 U.S.C. § 2244(b)(3).[1] The § 2255 motion is now fully briefed. For the reasons explained below, the motion for relief is **denied** and a certificate of appealability shall not issue.

**I.**

Title 28 U.S.C. § 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

---

[1] Arguments raised outside the scope of the Seventh Circuit's authorization are disregarded.

1

In July 2003, Perez-Silva pleaded guilty to possession of 500 grams of cocaine with intent to distribute, and being a felon who possessed a firearm. The Honorable Judge David Hamilton sentenced Perez-Silva in September 2003, to 262 months on the drug charge and 120 months on the firearm charge. The sentences were ordered to be served concurrently. Judgment was entered on September 19, 2003.

On June 26, 2015, the Supreme Court held that the "residual" clause of the Armed Career Criminal Act ("ACCA") was unconstitutional based on vagueness. *Johnson*, 135 S.Ct. 2551. *Johnson* was determined to announce a new substantive rule of constitutional law that applies retroactively to ACCA defendants. *Welch v. United States,* 136 S.Ct. 1257 (2016). Thus, only prior convictions that qualify as violent felonies under the "enumerated offenses" clause or "force" clause of the ACCA can be used to enhance a sentence under that statute. Perez-Silva, however, was not sentenced under the ACCA.

In determining Perez-Silva's sentence, the 2002 version of the then-mandatory United States Sentencing Guidelines ("U.S.S.G") was utilized. Perez-Silva's sentence was enhanced under U.S.S.G. § 4B1.1. See crim. dkt. 18. Section 4B1.1 states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence **or a controlled substance offense**; and (3) the defendant has at least two prior felony convictions of either a crime of violence **or a controlled substance offense.**

*See* 2002 Guidelines Manual available at: https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2002/manual/CHAP4.pdf (last visited April 19, 2018) (emphasis added). "Until 2016, the career offender guideline, U.S.S.G. § 4B1.2(a), used a definition of a "crime of violence" that included a "residual clause" that mirrored the "violent felony" definition in the Armed Career

2

Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)." *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).

Perez-Silva's enhancement under the then-mandatory sentencing guidelines was not based on a finding that he had committed a crime of violence. Instead his sentence was enhanced based on his three convictions for the sale of a controlled substance.[2] Unfortunately for Perez-Silva, under these circumstances the holding in *Johnson* does not provide him any relief. His motion for relief pursuant to 28 U.S.C. § 2255 is **denied.**

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be** docketed in 1:02-cr-0054-TWP-TAB-1.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 4/19/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[2] Perez-Silva's sentence was enhanced based on these prior convictions: 1) a 1989 California conviction for possession with intent to sell 1.25 grams of cocaine; 2) a 1993 California conviction for possession with intent to sell 14 bundles of heroin totaling approximately 2 grams; and 3) a 1996 North Carolina conviction for being a felon in possession with intent to sell and deliver 4,928 grams of marijuana. *See* dkt. 16.

Distribution:

EZEQUIEL PEREZ-SILVA
06821-028
FLORENCE - FCI
FLORENCE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
PO BOX 6000
FLORENCE, CO 81226

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov